IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark D. Crawford, | ) |
| Petitioner, | ) CIV 13-00531 PHX PGR (MEA) |
| v. | ) REPORT AND RECOMMENDATION |
| Charles L. Ryan, et al., | ) |
| Respondents. | ) |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about March 13, 2013, and he filed an amended petition seeking habeas relief on September 13, 2013. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 12) on July 9, 2014. Any reply to the answer to the petition was due on or about August 9, 2014.

**I Procedural History**

An indictment returned by a Maricopa County grand jury on April 5, 2005, charged Petitioner with six counts of sexual exploitation of a minor under 15 years of age, class 2 felonies and dangerous crimes against children. See Answer, Exh. A. The charges were based on Petitioner's possession of six pornographic images "in which a minor under fifteen years of age

is engaged in exploitive exhibition or other sexual conduct." Id., Exh. A. On September 12, 2005, pursuant to a written plea agreement, Petitioner agreed to plead guilty to two counts of attempted sexual exploitation of a minor "a class 3 felony, a Dangerous Crime Against Children in the 2nd degree," in exchange for the dismissal of the remaining charges. Id., Exh. B & Exh. C.  On October 7, 2005, Petitioner was sentenced to a term of five years imprisonment pursuant to the first count of conviction and to a term of lifetime probation on the second count of conviction. Id., Exh. D.

Petitioner, through counsel, filed a timely "of-right" petition for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, in which he challenged a condition of his lifetime probation. Id., Exh. F & Exh. G. In a decision entered July 24, 2006, the state trial court denied relief, finding that Petitioner was aware of and agreed to the challenged provision of his plea agreement. Id., Exh. H. Petitioner did not seek review of this decision by the Arizona Court of Appeals.

On March 27, 2008, Petitioner filed a pro se Rule 32 petition, in which he argued a change of law required reversal of his convictions, challenged the law under which he was convicted as vague and overbroad, and asserted a claim of ineffective assistance of trial counsel. Id., Exh. I & Exh. J. In a decision entered April 11, 2008, the state trial court explained that any change in the law did not apply to Petitioner's case.  The state trial court found his other claims

-2-

untimely under Rule 32.4(a) and precluded under Rule 32.2(a). Id., Exh. K. Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review on September 1, 2009. Id., Exh. N. The Arizona Supreme Court denied review on December 29, 2009. Id., Exh. O.

Petitioner filed a third Rule 32 action on October 12, 2010, asserting a change in Arizona law required his convictions be vacated, challenging the trial court's imposition of lifetime probation, and arguing that the statute under which he was convicted was "void for vagueness and in violation of multiplicity." Id., Exh. P & Exh. Q at 2. In a decision issued October 29, 2010, the trial court concluded that Petitioner had failed to cite "any new law that would likely result in [his] conviction or sentence being overturned," and that he had "failed to present a claim that can be raised in an untimely Rule 32 proceeding." Id., Exh. R at 1–2. The Arizona Court of Appeals denied Petitioner's request for review of the trial court's denial of relief on November 14, 2012. Id., Exh. U.

In his fourth state Rule 32 action, initiated September 27, 2011, Petitioner asserted a claim that his right to be free of double jeopardy was violated. Id., Exh. V & Exh. W at 2. Petitioner also argued that the trial court abused its discretion by enhancing his sentences under the statute applicable to dangerous crimes against children. Id., Exh. W. In a decision issued September 30, 2011, the state trial court found Petitioner's claims untimely pursuant to Rule 32.4(a) and procedurally barred pursuant to Rule 32.2(a)(2). Id., Exh. X.

In his petition for review of this decision by the Arizona Court of Appeals, Petitioner argued his double jeopardy rights were violated, that the trial court abused its discretion by enhancing his sentences under the statute applicable to dangerous crimes against children, that the statute under which he was convicted was vague and overbroad, and that his trial counsel was ineffective. Id., Exh. AA. In a decision issued September 25, 2013, the appellate court agreed with the trial court's conclusion that Petitioner's claims were precluded. Id., Exh. CC.

In his Petition for Writ of Habeas Corpus, Petitioner asserts he was denied his right to be free of double jeopardy and that he was denied his right to confront the witnesses against him. Petitioner also maintains that the statute under which he was convicted is vague and overbroad. Respondents assert that Petitioner's habeas action is not timely and that his claims are procedurally barred.

**II Analysis**

**A. Statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The one-year statute of limitations on

habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008). "The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

A state post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). However, a state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling of the federal statute of limitations during the time such a petition is "pending" in the state courts. See Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811-12 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id., 544 U.S. at 414, 125 S. Ct. at 1812.

In Arizona, an action for post-conviction relief is pending once a notice of post-conviction relief is filed, even though the actual petition delineating the defendant's specific claims is not filed until later. See Isley v. Arizona Dep't of Corr., 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See id.

Petitioner's conviction became final at the conclusion of his first Rule 32 proceedings, when the time expired to seek review of the trial court's July 24, 2006, decision denying relief expired, i.e., on or about August 24, 2006. Therefore, the one-year statute of limitations on Petitioner's federal habeas action expired on or about August 24, 2007, and, accordingly, Petitioner's federal habeas action was not filed within the applicable statute of limitations.

None of Petitioner's subsequent state actions for post-conviction relief tolled the statute of limitations because none of these Rule 32 actions were "properly filed". Additionally, none of Petitioner's successive petitions for state post-conviction relief could revive the statute of limitations with regard to Petitioner's federal habeas action after that statute of limitations expired. See, e.g., Larsen v. Soto, 742 F.3d 1083, 1088 (9th Cir. 2013); Ferguson v. Palmateer, 321 F.3d 820,

823 (9th Cir. 2003).

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562 (2010); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418, 125 S. Ct. at 1814-15. See also Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009). In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." Bills, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris, 515 F.3d at 1054-55 & n.4; Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a

1  petitioner's lack of diligence, account for the failure to file
2  a timely habeas action. See Chaffer, 592 F.3d at 1048-49;
3  Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d
4  1104, 1107 (9th Cir. 1999). Equitable tolling is also available
5  if the petitioner establishes their actual innocence of the
6  crimes of conviction. See Lee v. Lampert, 653 F.3d 929, 933-34
7  (9th Cir. 2011).

8      Equitable tolling is to be rarely granted. See, e.g.,
9  Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784,
10 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th
11 Cir. 2000). Equitable tolling is inappropriate in most cases
12 and "the threshold necessary to trigger equitable tolling [under
13 AEDPA] is very high, lest the exceptions swallow the rule."
14 Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).
15 Petitioner must show that "the extraordinary circumstances were
16 the cause of his untimeliness and that the extraordinary
17 circumstances made it impossible to file a petition on time."
18 Porter, 620 F.3d at 959. It is Petitioner's burden to establish
19 that equitable tolling is warranted in his case. See, e.g.,
20 Porter, 620 F.3d at 959; Espinoza Matthews v. California, 432
21 F.3d 1021, 1026 (9th Cir. 2004); Gaston, 417 F.3d at 1034.

22     Petitioner has not replied to the answer to his
23 petition, which answer argues the petition is time-barred.
24 Petitioner has not stated an adequate basis for equitable
25 tolling of the statute of limitations. Compare Holland, 130 S.
26 Ct. at 2564; Porter, 620 F.3d at 961 (noting the circumstances
27 of cases determined before and after Holland). A petitioner's
28

pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). The vicissitudes of prison life are not "extraordinary" circumstances that make it impossible to file a timely habeas petition. See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has held that a petitioner is entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction. See Lee, 653 F.3d at 934.

> "Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ...[or] expiration of the statute of limitations." McQuiggin v. Perkins,[], 133 S.Ct. 1924, 1928,[] (2013). When an otherwise time-barred habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error," the Court may consider the petition on the merits. See Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, [] (1995). The Supreme Court has recently cautioned, however, that "tenable actual-innocence gateway pleas are rare." McQuiggin, 133 S. Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id.

Stewart v. Cate, ___ F.3d ___, 2014 WL 1707033, at *6 (9th Cir. May 1, 2014), petition for cert. filed (No. 14-5456 July 25, 2014).

Petitioner has not made a showing of any new evidence. Accordingly, Petitioner is not entitled to tolling of the statute of limitations based on the theory of actual innocence.

Because the habeas action was not filed within the statute of limitations and Petitioner has not stated a proper basis for equitable tolling of the statute of limitations, the Court need not consider the merits of his claims.

**B. Exhaustion and procedural default**

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction

relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007) (providing a thorough discussion of what constitutes the "highest court" in Arizona for purposes of exhausting a habeas claim in the context of a conviction resulting in a non-capital sentence).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Woodford v. Ngo, 548 U.S. 81, 92–93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351–52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797,

-11-

802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review...he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his first Rule 32 action. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

**C. Cause and prejudice**

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their

procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). See also Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See, e.g., Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his criminal proceedings with constitutional violations. See Vickers, 144 F.3d at 617; Correll, 137 F.3d at 1415-16. Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224

-13-

F.3d 1129, 1135–36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

Petitioner has not replied to the answer to his petition arguing that his claims are procedurally defaulted. Petitioner has not asserted cause for nor prejudice arising from his procedural default of his federal habeas claims.

### D. Fundamental miscarriage of justice

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485–86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485–86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him

1  guilty of the offenses charged.  See Dretke, 541 U.S. at 393,
2  124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842–43
3  (9th Cir. 2001).
4          Petitioner does not assert his actual innocence of the
5  crimes of conviction.
6          **E. Adequate and independent state-law basis**
7          To constitute an adequate and independent state
8  procedural ground sufficient to support a state court's finding
9  of procedural default, "a state rule must be clear, consistently
10 applied, and well-established at the time of [the] petitioner's
11 purported default." Lambright v. Stewart, 241 F.3d 1201, 1203
12 (9th Cir. 2001).  A state rule is considered consistently
13 applied and well-established if the state courts follow it in
14 the "vast majority of cases." Scott v. Schriro, 567 F.3d 573,
15 580 (9th Cir. 2009), quoting Dugger v. Adams, 489 U.S. 401, 417
16 n.6, 109 S. Ct. 1211, 1221 n. 6 (1989).  Additionally, for the
17 proffered state procedural bar to preclude the consideration of
18 a habeas claim "the state court must actually have relied on the
19 procedural bar as an independent basis for its disposition of
20 the case." Caldwell v. Mississippi, 472 U.S. 320, 327, 105 S.
21 Ct. 2633, 2638–39 (1985).  See also Harris v. Reed, 489 U.S.
22 255, 261–62, 109 S. Ct. 1038, 1042 (1989).

> "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Harris, 489 U.S. at 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 [ ].... Sanders v. Cotton, 398 F.3d 572, 580 (7th Cir. 2005) (where the

-15-

>     state appellate court's discussion of waiver
>     is intertwined with its merits analysis, the
>     state court's decision does not rest on an
>     independent and adequate state law ground)
>     ....

Pole v. Randolph, 570 F.3d 922, 937 (7th Cir. 2009) (some internal citations and quotations omitted). See also Scott, 567 F.3d at 581-82.

In his federal habeas petition Petitioner asserts he was denied his right to be free of double jeopardy and that he was denied his right to confront the witnesses against him. Petitioner also maintains that the statute under which he was convicted is vague and overbroad.

Petitioner raised a double jeopardy claim in his fourth state action for post-conviction relief, and the state courts found the claim precluded. Petitioner raised a claim regarding the relevant's statute being vague and overbroad in his second, third, and fourth state actions for post-conviction relief and the state courts found the claim precluded by Petitioner's failure to raise the claim in his first Rule 32 action. Petitioner did not raise a claim regarding confrontation of witnesses, which was waived in his plea agreement, in his state court proceedings and, accordingly, the claim is procedurally defaulted. Petitioner did not raise the same claims presented in his federal habeas petition to the Arizona Court of Appeals in a procedurally correct manner, i.e., in his first Rule 32 action. When the claims were presented to the state courts in Petitioner's subsequent Rule 32 actions the state courts found the claims precluded by Petitioner's failure to timely raise the

issues. Petitioner has not shown cause for, nor prejudice arising from his procedural default of his federal habeas claims, nor has Petitioner shown that he is factually innocent of the crimes of conviction. Accordingly, relief may not be granted on the basis of Petitioner's procedurally defaulted claims.

### III Conclusion

Petitioner did not file the habeas petition within one year of the date his state conviction became final. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations. Additionally, Petitioner procedurally defaulted his federal habeas claims in the state courts. Petitioner has not shown cause for nor prejudice arising from his procedural default of his claims nor has he established that he is actually innocent of the crimes of conviction such that the Court may grant relief on the merits of those claims.

**IT IS THEREFORE RECOMMENDED that** Mr. Crawford's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

-17-

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 28th day of August, 2014.

_____
Mark E. Aspey
United States Magistrate Judge